■ In the Matter of Evan Wilsey, Respondent, against John W. Johnson, as Superintendent of Public Works of the State of New York, Appellant. In the Matter of Irving B. Makely, Respondent, against John W. Johnson, as Superintendent of Public Works of the State of New York, Appellant.— Appeals by the Superintendent of Public Works from two orders of the Supreme Court, Special Term, Albany County which denied the motions of respondent to dismiss the petitions herein. The ground assigned for each motion to dismiss was that the proceeding was not commenced within the four months' period prescribed by section 1286 of the Civil Practice Act. The proceedings were brought under article 78 of the Civil Practice Act for the reinstatement of both petitioners to their positions in the Department of Public Works, and were commenced on the 1st day of August, 1956. The proceedings seek relief in the nature of mandamus. Petitioner Wilsey was employed as a truck driver in the Division of Highways in the Department of Public Works, and petitioner Makely as a maintenance helper in the same department. Both petitioners allege that they were exempt volunteer firemen and entitled to protection from summary dismissal under section 22 of the Civil Service Law. Petitioner Wilsey alleges that he was illegally discharged from his position on the 27th day of April, 1956, and petitioner Makely alleges that he was so discharged on May 7, 1956. A written demand for reinstatement of petitioners was made in their behalf on May 8, 1956. The respondent commissioner, who is the appellant here, contends that the four months' period of limitation began to run on the date of the dismissal of each petitioner. The Special Term held that the authorities cited in support of this contention were not in point because the petitioners involved in those cases were not veterans or exempt volunteer firemen. We are constrained to agree with the Special Term. If it be assumed that the allegations in each petition are true the petitioners were illegally dismissed and the respondent commissioner was under a duty to reinstate them upon demand. The period of limitation therefore would not begin to run until such a demand was made, if the same was made within a reasonable time (Matter of Cash v. Bates, 301 N. Y. 258; Matter of De Luca v. Gaffney, 282 App. Div. 607). Orders affirmed, with $25 costs to each respondent. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.